WILLIAM G. ROBERTS, ADMR. ET AL. v. ST. BERNARD (VIL.) ET AL.

1. EXECUTORS OWNERS ON WHOM ASSESSMENT NOTICE TO BE SERVED.

Executors under a will which directs them to hold and manage real estate for a term of fifteen years, pay the taxes, etc., and at the end of said term sell and convey the same and distribute the proceeds of sale, are the "owners of the land" upon whom service of notice should be made, under the statute providing for street improvements.

2. ACTUAL NOTICE BY EXECUTOR OF IMPROVEMENT ASSESSMENT IS SUFFICIENT.

An executor of a will, residing in the county and entitled to a written notice of the adoption of a resolution providing for a street improvement, is bound by a notice addressed to the heirs of the testator, where it appears that the notice was left at his residence, and was actually received and examined by him and was submitted by him to his attorney.

[For other cases in point, see 1 Cyc. Dig., "Assessments," §§ 196-222; 4 Cyc. Dig., "Executors and Administrators," §§ 338-343.—Ed.]

**W. G. Roberts** and **David Davis,** for plaintiffs.

**S. B. Hammel,** for defendants.

GIFFEN, J.

This action was commenced to restrain the collection of certain street assessments levied upon the property of the estate of Noah Babbs, deceased, and of the grounds relied upon, we deem it unnecessary to consider any except first, that the executors of the last will and

testament of Noah Babbs, deceased, were not the owners of land upon which the assessment was levied, within the meaning of original Rev. Stat. 2304 (See Lan. 3602; B. 1536-211); second, if they were such owners, they were not served with notice, as required by that section.

Item third of the last will and testament of Noah Babbs, deceased, whereby the real estate in question was disposed of, is as follows:

"Item Third. I order and direct that my real estate in Hamilton county, Ohio, consisting of two farms, one of forty-five acres in Springfield township, and the other of thirty-two acres in Millcreek township, be held by my executors for the term of fifteen years from the date of my decease, and at the expiration of the said term of fifteen years, I order and direct that said real estate be sold by my executors and converted into money, and the proceeds of the same, after deducting expenses, I give and bequeath to the following named persons, viz.: To my son, William Babbs, one-sixth; to my son, John Babbs, one-sixth; to my daughter, Emeline Stratton, one-sixth; to my daughter, Delia Virginia Voorhees, one-sixth; to my stepson, Sylvestor Ralston, one-sixth, and to my grandchildren, Bell Babbs and Charles Babbs, children of my deceased son, Charles Babbs, one-sixth, to be equally divided between them, and shall be distributed to them, my said legatees, by my executors as the same comes into their hands.

"During said term of fifteen years, I order and direct my executors to manage and control said farms for the best interest of my estate; to lease and rent the same from time to time, on such terms as they may see proper, collect the rents and profits thereof, and out of the same pay taxes and necessary repairs, so said property shall be kept from suffering waste, using their judgment in said matter, and deducting such expenses and the expenses of the management of the same, the balance of such rents and profits they shall distribute among my said legatees, named in this item, in the same manner as provided for the distribution of the proceeds of the land when sold, and they will distribute such rents as they conveniently can after being received by them; provided, however, if my executors desire to use any part of the income of said farms to pay the annual sums to my wife named in the second item of this will they are directed to do so."

It is plain from this provision of the will that the executors were vested not merely with a naked power to sell the land and distribute the proceeds, but that it was coupled with an interest in, and control over, the land itself. In the case of *Boyd* v. *Talbert,* 12 Ohio 212, the first proposition of the syllabus is as follows:

### Roberts v. St. Bernard (Vil.).

If a testator bequeath to his wife all his estate, real, leasehold and personal, and all moneys and proceeds which may arise from the same, and direct his executors to lease certain premises, and after paying ground rents and taxes, pay the proceeds to his wife, the title to the premises is held in the executors."

And in the case of *Williams* v. *Veach*, 17 Ohio 171 [49 Am. Dec. 453], the syllabus is as follows:

"Where, in a will, the testator confers power upon his executors, in form following: 'Giving them full and complete power as I myself possess, after my decease, to dispose of all my estate, real, personal and mixed, in the way and manner they may think best calculated to carry into effect all the purposes specified in this, my last will and testament, except that no part of my estate shall be sold at public sale,'—it is a power coupled with interest * * * and will be so construed, if the other parts of the will seem to to require it, in order to carry out the intention of the testator."

The facts in the case before us bring it within the principle announced in these cases, all of which may be distinguished from the case of *Elstner* v. *Fife*, 32 Ohio St. 358, as pointed out by Day, J., at page 369. We think, therefore, that the executors were the owners of the land upon whom service of notice should be made under the statute.

Was the notice legally served upon the executors? One of the executors resided in Indiana and the other upon the land assessed. There being no newspaper published in the village of St. Bernard, written notices of the resolution declaring the necessity of the improvement were posted in twelve public places in the village, which is the only way provided by the section for service upon a nonresident. A proper notice in writing was left at the residence of the executor living in Ohio addressed to "Noah Babbs' Heirs," but was in fact received by such executor, and by him submitted to his attorney. Notice should have been addressed to the executor, but having received a notice containing all the facts required by the statute, and having submitted the same to his counsel, the executor received all the information required in the notice by the statute, and is bound thereby, as he had an opportunity to be heard and to protest or submit objections to the work if he so desired.

A like decree to the one rendered by the court below may be entered in this court.

**Jelke** and **Swing, JJ.,** concur.